J S -6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| Case No. | 5:22-cv-01942-SSS-SPx | Date | February 10, 2023 |
|---|---|---|---|
| Title | *Jack Macias v. Mission Linen Supply, et al.* | | |

Present: The Honorable   SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Petitioner(s): | Attorney(s) Present for Respondent(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   **ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND [DKT. 10] AND GRANTING DEFENDANT'S REQUEST FOR JUDICIAL NOTICE [DKT. 13] (IN CHAMBERS)**

Before the Court is Plaintiff's motion to remand the action back to state court [Dkt. 10], and Defendant's request for judicial notice [Dkt. 13]. For the reasons stated below, the Court **GRANTS** Plaintiff's motion and **GRANTS** Defendant's request.

## I.    BACKGROUND

On August 5, 2022, Plaintiff filed a wage and hour putative class action complaint in the California Superior Court for the County of San Bernardino. [*See* Dkt. 3, Ex. A]. Plaintiff's complaint alleges seven causes of action for (1) failure to pay minimum wages; (2) failure to pay overtime wages; (3) failure to provide meal periods; (4) failure to permit rest breaks; (5) failure to pay wages upon separation of employment and within the required time; (6) failure to furnish accurate itemized wage statements; and (7) violation of Business and Professions Code §§ 17200, et seq. [*Id.*].

On November 3, 2022, Defendant filed a Notice of Removal of Civil Action to Federal Court pursuant to 28 U.S.C. §§ 1441 and 1446 on federal question grounds on November 3, 2022. [Dkt. 1].  Defendant claimed removal was proper because Plaintiff's claims were preempted by Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a).  Plaintiff now seeks to remand this action back to the California Superior Court for the County of San Bernardino.

## II.   LEGAL STANDARD

Federal question subject matter jurisdiction exists when claims are brought under a federal statute, 28 U.S.C. § 1331, such as the LMRA.  However, if a district court finds at any time before final judgment that it lacks subject matter jurisdiction, it must remand the case back to state court.  28 U.S.C. § 1447(c); *see also Smith v. Mylan, Inc.*, 761 F.3d 1042, 1044 (9th Cir. 2014).

Although Plaintiff's claims arise from state law, if they are preempted by federal law, the claim becomes a federal claim and arises under federal law. *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007).  In the Ninth Circuit courts engage in a two-prong analysis (the "*Burnside* test") when analyzing whether employment class action claims are preempted by the LMRA:

> [F]irst, [the test requires] an inquiry into whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, not by a [collective bargaining agreement ("CBA")].  If the right exists solely as a result of the CBA, then the claim is preempted, and our analysis ends there. . . .  If, however, the right exists independently of the CBA, we must still consider whether it is nevertheless "substantially dependent on analysis of a collective-bargaining agreement." . . . If such dependence exists, then the claim is preempted by section 301; if not, then the claim can proceed under state law.

491 F.3d at 1059.

## III.   DISCUSSION

### A.   Request for Judicial Notice

The Court has reviewed Defendant's request for judicial notice of two CBAs between the Parties: the 2022–2026 CBA [Dkt. 13-1] and the 2017–2022 CBA [Dkt. 13-2].  The Court finds both CBAs "can be accurately and readily determined

from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201, and **GRANTS** Defendant's request.

### B.     Burnside Test

As discussed below, under the *Burnside* test, Plaintiff's claims do not exist solely as a result of a collective bargaining agreement and are not substantially dependent on analysis of a CBA.  Thus, remand is appropriate.

#### 1.     Prong 1:  Plaintiff's Claims Involve a Right Conferred Upon an Employee by Virtue of State Law, Not By a CBA

On the face of the complaint, all of Plaintiff's claims arise under California state law, namely the California Labor Code, IWC Wage Order, and Business & Professions Code.  [*See* Dkt. 3-1 ¶¶ 38–95].  Defendant argues, however, that Plaintiff and the putative class members are exempt from the California state laws which generally govern overtime compensation and meal periods, and Plaintiff's claims are instead governed by the CBA between the Parties.  The Court disagrees.

##### i.  Overtime wages under California Labor Code Section 514

Under California Labor Code Section 514, a valid CBA controls payment of overtime wages if it "expressly provides for the wages, hours of work, and working conditions of the employees, and if the agreement provides premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30% more than the state minimum wage."  But for Section 514 to apply, the CBA must comply with the requirements of Section 514 for all employees covered by the CBA, not just some.  *See Huffman v. Pac. Gateway Concessions LLC*, No. 19-CV-01791, 2019 WL 2563133, at *6 (N.D. Cal. June 21, 2019) (citing *Vranish v. Exxon Mobil Corp.*, 223 Cal. App. 4th 103, 109 (2014); *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1154 (9th Cir. 2019)).  "Put another way, Section 514 concerns the merits of the agreement itself, not its treatment of any individual employee."  *Id.*

Here, the CBAs between Plaintiff and Defendant do not meet the requirements of Section 514 as to all employees because in each agreement, there are at least some employees whose hourly rate are not at least 30% above California's minimum wage.  *See* Cal. Labor Code § 514.  For example, the 2022–2026 CBA sets the hour wage for "Route Auditor" at $15.13 per hour as of September 1, 2022, which is only 0.87% above the California minimum wage of

$15.00.  [*See* Dkt. 13-1 at 28].  Similarly, the 2017–2022 CBA wage rates for "RTE Auditor" were less than 30% over California's minimum wage for each year. [*See* Dkt. 14 at 5 (citing Dkt. 13-2 at 21–22)].  As detailed by Plaintiff, in the period from April 1, 2017 until November 1, 2020, the 2017–2022 CBA wage rates for "RTE Auditor" were only approximately 8–21% above California's minimum wage.  [*See id.*].  Because the CBAs did not meet all the requirements of Section 514 for all employees, the CBAs do not control payment of Plaintiff's overtime wages.  Plaintiff's claims regarding overtime wages thus do not exist solely as a result of the CBAs.

### ii. Meal and rest periods under California Labor Code Section 512(e)

Similarly, under California Labor Code Section 512(e), a valid CBA controls meal and rest periods if it "expressly provides for the wages, hours of work, and working conditions of employees, and expressly provides for meal periods for those employees, final and binding arbitration of disputes concerning application of its meal period provisions, premium wage rates for all overtime hours worked, and a regular hourly rate of pay of not less than 30% more than the state minimum wage rate."  Similar to Section 514, Section 512(e) also requires that a valid CBA meets its requirements with respect to all employees, and not just some.  *See Gunther v. N. Coast Coop., Inc.*, No. 20-CV-02325, 2020 WL 3394547, at *7 (N.D. Cal. June 19, 2020).

As discussed above with respect to Section 514, the CBAs in this case do not meet the requirements of Section 512 because there are at least some employees whose wage rates are not at least 30% more than the California minimum wage. Thus, the Plaintiff's meal and rest period claims are not governed by the CBA nor exist solely as a result of it.

### 2. Prong 2:  Plaintiff's Claims Are Not Substantially Dependent On Analysis of a CBA

With regard to the second prong of the *Burnside* analysis, Defendant claims that Plaintiff's claims depend on an analysis of the CBA.  While Defendant points to provisions in the CBA that they believe are relevant to the claims at issue, they do not explain "why interpretation, as opposed to mere reference to the CBA, is necessary."  *Wilson-Davis v. SSP America, Inc.*, 434 F. Supp. 3d 806, 813 (C.D. Cal. Jan. 21, 2020).  Because Defendant has not raised provisions that require

interpretation, they have failed prong 2 of the *Burnside* test.  *See Huffman*, 2019 WL 2563133, at *8.

Accordingly, Plaintiff and the putative class are not exempted employees under Labor Code Sections 514 and 512, and their claims are not preempted by the LMRA.  The Court thus does not have federal question subject matter jurisdiction over the overtime and meal and rest period claims in this case.

## C.    Supplemental Jurisdiction

Because the Court concludes there is no federal question subject matter jurisdiction here, the Court necessarily does not have supplemental jurisdiction over Plaintiff's remaining claims.  *See* 28 U.S.C. § 1367.

## D.    Additional Arguments

Defendants raise for the first time in opposition to Plaintiff's motion to remand the argument that Plaintiff and the putative class are exempt from California Labor Code Sections 226.7 and 512, which relate to meal and rest break rules because of an order published by the Federal Motor Carrier Safety Administration ("FMCSA"), which states Sections 226.7 and 512 are preempted by the FMCSA as applied to property-carrying commercial vehicle drivers, such as Plaintiff.

However, there are two fatal flaws to Defendants' newly raised argument regarding FMCSA preemption.  First, a defendant cannot present new grounds for removal for the first time in opposition to a motion for remand.  *Rader v. Sun Life Assur. Co. of Canada*, 941 F. Supp. 2d 1191, 1196 (N.D. Cal. 2013) (citing *ARCO Env't Remediation, L.L.C. v. Dep't of Health & Env't Quality of Montana*, 213 F.3d 1108, 1117 (9th Cir. 2000)).  Second, even if Defendant had raised FMCSA preemption in its removal papers, the FMCSA preemption defense does not create a federal question for purposes of removal.  *See Harris Jr. v. Venture Transport, LLC*, 2022 WL 2464860 (C.D. Cal. Jul. 6, 2022); *Hardwick v. Hoovestol, Inc.*, No. CV209707, 2021 WL 200518, at *2 (C.D. Cal. Jan. 19, 2021); *Delgado v. Lincoln Transportation Servs. Inc.*, No. CV 19-09449, 2019 WL 7208416, at *4 (C.D. Cal. Dec. 27, 2019).

## IV.    CONCLUSION

For the reasons above, the Court **GRANTS** Defendant's request for judicial notice.  [Dkt. 13].  Additionally, because this Court does not have subject matter

jurisdiction over this case, it **GRANTS** Plaintiff's motion and **REMANDS** the case back to the California Superior Court for the County of San Bernardino.  The Clerk is **DIRECTED** to close the case.

      **IT IS SO ORDERED.**